IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECILIA TELLEZ SOTO,

        Plaintiff,

vs.                                               No. CIV  06-738 WFD/LFG

RUBEN GALVAN,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO INTERVENE[1]

The Risk Management Division of the General Services Administration of the State of New Mexico seeks to intervene in this lawsuit [Doc. 23].  Plaintiff Cecilia Tellez Soto ("Soto") opposes the motion [Response, Doc. 27] and argues that intervention should not be permitted.

The Court considered Risk Management's motion, Soto's response in opposition, as well as Risk Management's reply [Doc. 32], and determines that oral argument is not necessary.  This motion can be resolved based on the written submissions.

### Background

In this case, Soto contends that Defendant Reuben Galvan ("Galvan") was a state magistrate court judge and, by the abuse of his judicial authority, intimidated, coerced and forced Soto physically, falsely imprisoned her and sexually battered her .  Soto Claims that Galvan violated her civil and statutorily protected rights, and that, at all times, Galvan was acting under color of law.

---

[1] Magistrate judges may resolve non-case or claim dispositive matters.  At times, it is unclear whether a motion is or is not case or claim dispositive.  For example, if a motion to intervene is granted, it does not effectively dispose of any claim or of the case.  However, if denied, the movant may argue that the denial of the motion effectively prevents the movant from pressing a claim.  Due to the uncertainty, the undersigned magistrate judge inquired of the trial judge, and was advised on April 5, 2007 that the magistrate judge should handle this motion.  In any event, the motion is being granted and, therefore, is not case or claim dispositive.

Pursuant to Galvan's demand for a defense, the governmental entity, through a contract to private counsel, is providing Galvan a defense under a reservation of rights.

Risk Management seeks to intervene in this litigation in order to obtain a declaratory judgment as to its obligation to continue to defend Galvan or pay any judgment that may be issued in this lawsuit. It wishes to file a request for declaratory judgment that it has no obligation to defend, indemnify or pay a judgment, as the acts alleged "were not within the scope of Defendant Galvan's duties and are excluded from the applicable Certificate of Coverage." [Motion, p. 2, ¶].

**Intervention Under Rule 24**

This rule governs situations in which persons who are not parties may intervene in existing litigation. In their commentary on Rule 24, authors Steven Baicker-McKee, William M. Janssen & John B. Corr state:

> Rule 24 attempts to balance the interests of the person seeking intervention with the burden such intervention may impose on the parties to pending suits. The Rule divides intervenors into two basic groups: those seeking intervention as a right under Rule 24(a); and those who seek the court's permission to intervene under 24(b). Notwithstanding the terminology of those portions of Rule 24, the court enjoys substantial discretion when deciding whether to permit intervention under either Rule 24(a) or Rule 24(b).

Federal Civil Rules Handbook (2007), p. 591.

Intervention as a matter of right depends on whether a federal statute confers a right to intervene or whether the intervenor is able to satisfy the prerequisites for intervention as a right. *See, e.g.*, United States v. City of New York, 198 F.3d 360, 364 (2d Cir. 1999). The conditions which the movant must satisfy are that the proposed intervenor claims an interest relating to the property which is the subject of the action; that the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and, that the applicant's interest is not adequately represented by the existing parties. *See* Coalition

of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of the Interior, 100 F. 3d 837, 840 (10th Cir. 1999(*citing* Rule 24(a)(2)).

In this case, New Mexico law, NMSA 1978, § 15-7-2(B, imposes an affirmative obligation on Risk Management to procure insurance or, alternatively, to provide coverage for any risk not insured. Section 15-7-3(A)(4) also imposes an obligation to compromise, adjust, settle and pay claims. Moreover, the Tort Claims Act, NMSA 1978, § 41-4-4(B), imposes an obligation on the governmental entity to provide a defense and to pay a settlement or final judgment if it is ultimately determined that the public employee committed a covered tort or violated a person's constitutional right while acting within the scope of his duty.

Thus, it is clear that Risk Management, which has the statutory obligation in this area, does, indeed, have an interest which is affected by the subject action. As Galvan was a public employee and Soto alleges that her statutory and constitutional rights were violated by him while he was acting under the color of law, Risk Management's duty to defend was triggered, and it is performing that duty under a reservation of rights.

It is perfectly permissible for Risk Management Division to seek a declaratory judgment in a separate or, indeed, in this same action. However, until such time as the Court determines, if at all, that no duty to defend exists, Risk Management and the governmental entity must defend Galvan.

New Mexico law contemplates situations where the governmental entity would have a right to recover amounts expended in both defense and payment of settlement or judgment. *See* § 41-4-4(E). Thus, the State is not prejudiced, as there exists a method to recoup expenses if there is ultimately a determination that Galvan, while acting within the scope of his duty, acted fraudulently or with actual malice. § 41-4-4(E).

Finally, Risk Management demonstrates that its ability to protect its interests, that is, the duty to defend and the duty to pay, is not adequately represented by existing parties. Quite obviously, Soto opposes Risk Management's motion for intervention and, notwithstanding Galvan's failure to file a response in opposition, it is clear that his interests would be impaired if the governmental entity did not offer a defense and was not liable for settlement or judgment. Thus, neither Soto nor Galvan are in a position to adequately represent Risk Management's interests.

The Court concludes that Risk Management has satisfied the prerequisites of Rule 24(a)(2) for intervention as a matter of right.

In addition, the applicant must show its proposed intervention of right is timely. Fed. R. Civ. P. 24(a). Generally speaking, the Court should consider four factors in determining timeliness: (1) length of delay in seeking intervention; (2) prejudicial impact of delay on existing parties; (3) prejudice to intervenor if intervention is denied; and, (4) other factors affecting fairness in individual cases. Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rules Handbook (2007), p. 592.

In this case, the Court determines that there was no significant delay in Risk Management seeking intervention, nor does the Court find that the existing parties would be prejudicially impacted by a grant of the application. Indeed, even if the Court were to deny the intervention as a matter of right, Risk Management would have the right to file a separate declaratory action in a state court.

Finally, the Court is unaware of any other factors affecting fairness in this individual case. While Soto opposes the intervention, the opposition is premised on the merits of Risk Management's contention that it has no obligation to defend or to pay. The merits of the proposed intervenor's arguments have yet to be determined, and the parties are free to argue their positions. Those

arguments may properly be presented to the trial judge.

In sum, the Court finds that the application is timely and that Risk Management has demonstrated its right to intervene under Rule 24(a)(2).

IT IS THEREFORE ORDERED that Risk Management's Motion to Intervene [Doc. 23] is GRANTED.

                                                    Lorenzo F. Garcia
                                                    Chief United States Magistrate Judge