# United States District Court
## For The District of New Mexico

| | |
|---|---|
| CECILIA TELLEZ SOTO, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. CIV-06-738-WFD |
| ) | |
| RUBEN GALVAN, ) | |
| ) | |
| Defendant(s). ) | |

### Order Granting Intervenor's Motion for Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment, and Denying Defendant's 12(b)(6) Motion to Dismiss

This matter comes before the Court on Intervenor's Motion for Summary Judgment, Plaintiff's Motion for Partial Summary Judgment, and Defendant's 12(b)(6) Motion to Dismiss for failure to state a claim for which relief can be granted. The Court, having considered the materials submitted in support and opposition thereto, having heard oral argument, and being otherwise fully advised, FINDS and ORDERS as follows:

Plaintiff Cecilia Tellez Soto brings claims against Defendant Ruben Galvan for civil rights violations under 42 U.S.C. § 1983 and state claims for battery, false imprisonment, and intentional infliction of emotional distress ("IIED"). At the time of the incident giving rise to these allegations, Defendant Galvan was a duly elected

Magistrate Court Judge for the Dona Ana County, New Mexico. Intervenor Risk Management Division of the State of New Mexico ("RMD") requests that the Court enter a declaratory judgment that RMD has no duty to defend and indemnify Defendant because he was not acting within the scope of duty as a Magistrate Judge at any time material to Plaintiff's claims. Plaintiff moves this Court to grant partial summary judgment on the issue of whether Defendant was acting under color law as required by 42 U.S.C. § 1983. Defendant moves the Court to dismiss the state claims because he alleges that the New Mexico Tort Claims Act (TCA) does not waive immunity for the state claims brought by Plaintiff. For the reasons contained herein, the Court grants RMD's Motion for Summary Judgment and denies Plaintiff's Motion for Partial Summary Judgment, and Defendant's Converted Motion to Dismiss.

**Facts**

On August 25, 2004, Plaintiff was celebrating her 21st birthday at a bar called Hurricane Alley. Defendant was also at the same bar having drinks with a friend. Defendant noticed Plaintiff and her friend sitting at the bar and approached them to introduce himself and socialize. When Defendant approached Plaintiff, she recognized Defendant as the Magistrate Judge who presided over her proxy marriage. Plaintiff then informed Defendant that not only had she come before him in magistrate court, but she was also a witness in a domestic violence case against her husband in Defendant's

court.[1]  At some point, Defendant put his hands over his ears and indicated that he could not hear any more information.  For approximately thirty minutes, Plaintiff asked and Defendant answered numerous questions about magistrate court procedure.  Plaintiff and Defendant then exited the bar together with the mutual understanding that they would have sex later that evening.  Ultimately, the parties had sex in Defendant's vehicle.  The parties dispute whether the sex was consensual, and Plaintiff brought multiple criminal claims against Defendant.  On two occasions, Defendant was charged and prosecuted on various counts of criminal conduct, including criminal sexual penetration, demanding or receiving a bribe by a public employee, battery and Ethical Principles of Public Service Act violations.  Each trial resulted in a hung jury and Defendant has not been convicted of any crime.

## Standard of Review

On a 12(b)(6) motion to dismiss for failure to state a claim, the Court must construe all well-pleaded factual allegations in the light most favorable to the non-moving party.  *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).  The federal district court may dismiss a cause of action under rule 12(b)(6) when it "appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."  *Id.* (Quoting *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484

---

[1]As it turns out, Plaintiff was incorrect when she informed Defendant that he was presiding over her husband domestic abuse case.  Her husband's case had been assigned to another magistrate judge.

F.2d 1102, 1107 (10th Cir. 1973)).  Judgment on the pleadings should not be granted unless the moving party has demonstrated that no question of material fact remains to be resolved and the party is entitled to judgment as a matter of law.  *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).

Summary judgment, however, is appropriate "if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Union Tel. Co. v. Qwest Corp.*, 495 F.3d 1187, 1192 (10th Cir. 2007) (Summary judgment is only appropriate when no question of material fact exists and the moving party is entitled to judgment as a matter of law.)  When applying this standard, the Court will view the evidence and make all reasonable inferences in the light most favorable to the non-moving party.  *Darr v. Town of Telluride*, 495 F.3d 1243, 1250-51 (10th Cir. 2007).  A motion to dismiss should be converted into motion for summary judgment when a party submits, and the court considers, materials outside of the pleadings.  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).  The district court commits reversible error when it fails to convert a 12(b)(6) motion to one for summary judgment if it fails to exclude outside materials unless the dismissal can be justified without considering the outside materials.  *Id.* at 1216 (citing *GFF Corp. v. Associated Wholesale Grocers*. 130 F.3d 1381, 1384 (10th Cir. 1997).

The Court's resolution of RMD's Motion for Summary Judgment requires the dismissal of Defendant's Motion to Dismiss. The Court considered matters outside the pleadings when adjudicating the Motion for Summary Judgment that contained an identical issue raised in Defendant's Motion to Dismiss–whether Defendant acted in his "scope of duty." As a result, Defendant's Motion to Dismiss is converted into a Motion for Summary Judgment.

> I.  RMD's Motion for Summary Judgment on its Complaint for Declaratory Judgment

RMD is an agency of the State of New Mexico and responsible for administering the Public Liability Fund ("PLF") in accordance with the TCA. RMD's authority to expend funds from the PLF is limited by N.M.Stat. §§ 41-4-20 and 41-4-23(B) (1978). RMD intervened in this matter to seek a declaratory judgment challenging Defendant's demand for defense and indemnification from RMD. RMD argues that Plaintiff's Complaint failed to allege that Defendant acted within the scope of his duties, and even if Plaintiff's allegations are true, Defendant was not acting within the scope of his duties.

The TCA provides immunity from tort liability to government employees working within the scope of duty:

> A governmental entity and any public employee **while acting within the scope of duty** are granted immunity from liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act and by Sections 41-4-5 through 41-4-12 NMSA 1978. Waiver of this immunity shall be limited to and governed by the provisions of Sections 41-4-13 through

> 41-4-25 NMSA 1978, but the waiver of immunity provided in
> those sections does not waive immunity granted pursuant to
> the Governmental Immunity Act.

N.M. Stat. § 41-4-4 (1978) (emphasis added).  The TCA also provides that the State of New Mexico shall provide a defense for any public employee when liability is sought for any tort so long as the employee acted within the scope of duty.  § 41-4-4(b).  The State is required to pay any final settlement or judgment entered against a public employee acting within the scope of duty. § 41-4-4(c).  The RMD is authorized to expend funds from the PLF "to defend, save harmless and indemnify any state agency or employee of a state agency or a local public body or an employee of such local public body for any claim or liability covered by a valid and current certificate of coverage to the limits of such certificate of coverage . . . ." § 41-4-20(B)(3).  The Certificate of Coverage in the present case creates a duty to defend against liabilities and waivers expressly contained in § 41-4-4 through 41-4-12 of the TCA.  (State of New Mexico Liability Certificate of Coverage, Ex. 1, at 1.)  But the Certificate only applies to Governmental entities acting within the scope of their duties.  (Certificate of Coverage, at 1.)  Accordingly, the resolution of RMD's Motion for Summary Judgment turns entirely on the definition and interpretation of "scope of duty."

The TCA defines scope of duty to mean "performing any duties that a public employee is **requested, required or authorized** to perform by the governmental entity,

regardless of the time and place of performance . . . ." § 41-4-3(G) (emphasis added). As an initial matter, the plain language of the statute prohibits the Court from considering the fact that the events in question took place in a bar. Further, New Mexico law interprets scope of duty extremely broadly. But the facts before the Court, even when interpreted in favor of Defendant as required by the standard of review, stretch a plausible reading of the TCA beyond the limits set by New Mexico Courts.

In *RMD v. McBrayer*, the Court of Appeals of New Mexico reversed and remanded a district court's summary judgment order in favor of the Risk Management Division. The appellate court interpreted "scope of duty" broadly to include criminal acts. *RMD v. McBrayer*, 14 P.3d 43, 48 (N.M. Ct. App. 2000). There, a teaching assistant at New Mexico State University violently sexually assaulted and tortured his student after luring her back to his apartment under the pretenses of handing her an assignment. The court ruled that "the scope of duty centers on what NMSU requested, required or authorized as it related either generally or specifically to [the professor's] duty as an instructor to help a student obtain her homework assignments." *Id.* at 49. The court found that a reasonable finder of fact could find that the professor used an authorized duty as a subterfuge to accomplish the assault. *Id.* Similarly, in *Celaya v. Hall*, the New Mexico Supreme Court interpreted the term "scope of duty" broadly: "the TCA clearly contemplates including employees who abuse their officially authorized duties, even to the extent of some tortious and criminal activity." 85 P.3d 239, 245

(N.M. 2004); *see e.g., Seeds v. Lucero*, 113 P.3d 859, 862-63 (N.M. Ct. App. 2005) (maliciously abusing authorized duties did not remove the alleged acts from the defendants' scope of duty).  The court also held the defendant must demonstrate a connection between the public employee's actions at the time of the incident and the duties the public employee was requested, required or authorized to perform.  *Id. Celaya*, 85. P3d at 245.  In *Celaya*, a volunteer chaplain for a county sheriff's department, drove over a store employee's foot in the store parking lot while driving a county vehicle.  Though evidence was presented to show that the defendant was not authorized to conduct personal business in a county vehicle, Defendant created a question of fact regarding the nexus between his acts and duties.  *Id.* at 246.  Further, the court found that "whether an employee is acting within the scope of duties is a question of fact, and summary judgment is not appropriate unless "only one reasonable conclusion can be drawn from the facts presented."  *Id.* at 245*.*

The Court construes New Mexico case law to provide the following standard that the Court will apply to the present facts: a government employee acts within his scope of duties if the employee demonstrates a connection between the acts in question at the time of the incident and duties that the employee is requested, required, or authorized to perform regardless of tortious or criminal intent.

Here, the facts demonstrate that Defendant approached Plaintiff and her friend without any knowledge or recognition that they had both appeared before him in his

capacity as Magistrate Judge.  Plaintiff then informed Defendant that he presided over her proxy marriage, and then erroneously stated that she and her husband would appear before Defendant in a criminal domestic violence case.  Plaintiff then asked Defendant numerous questions about the workings of magistrate court proceedings.  Though demonstrating an initial reluctance to discuss the matter, Defendant then spent approximately thirty to forty five minutes talking about various aspects of magistrate court.  At some point during the conversation, the talk turned to Defendant's Porsche, and then both parties left the bar together.  After leaving the bar, the parties had sex in Defendant's vehicle and provided the basis for Plaintiff's numerous criminal allegations.

The Court notes that the record does not entirely eliminate all questions of fact.  In fact, the Court will likely never know exactly what happened at the Hurricane Alley or in Defendant's Porsche.  Specifically, Plaintiff alleges that once Defendant became aware that her husband was incarcerated and would appear before the magistrate court, he requested sexual favors in exchange for lenient treatment for Plaintiff's husband.  But Defendant believed that the events in the bar were nothing more than a consensually flirtatious conversation with a young woman.  In essence, Defendant used his knowledge and understanding of the magistrate court as a "pick-up line" but did not barter sex with Plaintiff for lenient treatment of husband.  Under any circumstance, however, no reasonable trier of fact could find that Plaintiff's allegations of battery, false imprisonment and IIED were connected to actions by Defendant that were requested,

required, and authorized by law.

RMD's Motion for Summary Judgment argues convincingly that there was no connection between Defendant's actions leading to the incidents in question–battery, false imprisonment, and IIED–and a duty that Defendant was requested, required, or authorized to perform. Construing all inferences in favor of Defendant, the Court acknowledges that Defendant's discussion of magistrate court proceedings could fall within a zone of authorized behavior. The New Mexico Code of Judicial Conduct allows for magistrate judges to "explain[] for public information the procedures of the court." N.M.R.A. Rule 21-300(B)(10). Thus, the discussion regarding the magistrate court proceedings–initiated by Plaintiff–appears to be authorized by law. If Defendant did attempt to offer Plaintiff's husband lenient treatment in exchange for sexual favors, such actions would not be within scope of duty because they are prohibited by law: "A judge shall not, with respect to cases, controversies or issues that are likely to come before the court, make pledges, promises or commitments that are inconsistent with the impartial performance of the adjudicative duties of the office." N.M.R.A. § 21-300(B)(11). The Court finds that there was no connection between the authorized act of describing the magistrate court proceedings and the battery, false imprisonment, and IIED under any circumstances presented by the parties.

The Court is not aware of a New Mexico case where the defendant's actions fall outside the scope of duty. But the Court's decision in the present case is consistent with

New Mexico law because there is simply no connection between Defendant's authorized actions and the resulting civil allegations. Indeed, the New Mexico courts that have addressed the issue have been presented with factual circumstances that demonstrate an incidental and logical connection between the authorized duties and the resulting injury to the plaintiff that at least creates a question of fact to survive dismissal or summary judgment. In *McBrayer*, the court found that the defendant used his authorized duty of handing out homework to students as a subterfuge to lure the plaintiff into his apartment and assault her *McBrayer*, 129 N.M. at 49. In *Celaya*, the court found that the defendant raised a question of material fact to survive summary judgment when he ran over a store employee's foot in a county vehicle. The defendant was authorized to drive a county vehicle to and from work, but minor deviations from his route did not take the defendant out of his scope of duty. *Celaya*, 85 P.3d at 245. *See Derringer v. State of New Mexico*, 68 P.3d 961, 965 (N.M. Ct. App. 2003) ("[F]ailing to perform a regular duty, such as timely responding to requests for records, still falls within the scope of duties as defined in *McBrayer*.") *Henning v. Rounds*, 171 P.3d 317, 322 (N.M. Ct. App. 2007) (malicious use of procedures ostensibly based on state regulations to force plaintiff from her job still within scope of duty regardless of motive); *Seeds*, 113 P.3d at 862 (defendant's use of authorized duties of enforcing city ordinances still within scope of duty when defendant's used same authority to conduct malicious conduct against the plaintiff). In all cases in which the courts found that the

actions fell within the TCA, the injuries alleged by the plaintiffs were directly caused by an authorized use of that duty.

Here, the Court finds no connection between Defendant's authorized acts and the civil claims alleged by Plaintiff. Neither Plaintiff nor Defendant has demonstrated a connection between Defendant's discussion of the magistrate court proceedings and the resulting alleged misconduct. Unlike the cases cited above where defendants performed authorized acts that directly affected the plaintiffs' rights, here the Court can not discern a scenario in the present case where the exercise of a magistrate court judge's responsibility of explaining court procedures could lead to the alleged conduct. The only connection between defendant's conduct and Plaintiff's allegations is temporal: shortly after describing the function of the magistrate court, the parties had sex, whether consensual or not.

Plaintiff's subjective belief that Defendant could provide a lenient sentence in exchange for sexual favors, even if demonstrated unequivocally by the facts, is not a controlling factor for the Court to consider. Judge Galvan did not have the actual or implied authority to affect Plaintiff's husband case. Plaintiff's husband's case was assigned to another magistrate judge. And to the extent that Defendant did propose an improper sexual relationship with Plaintiff in exchange for a lenient sentence for her husband, such actions would surely be outside the scope of duty. Thus, no matter what actually occurred at the Hurricane Alley, there is not a sufficient connection between

Defendant's authorized duties and the conduct Plaintiff alleges. Accordingly, RMD's Motion for Summary Judgment is granted.

  II.  Defendant's Motion to Dismiss

Defendant moves for this Court to dismiss the state claims alleged by Plaintiff. The Court considered materials outside the pleadings to rule on this Motion, so the Court converts the 12(b)(6) motion into a motion for summary judgment. The TCA entitles governmental entities immunity from liability unless the act specifically waived the immunity or the government employee does not act within the scope of duty: "A governmental entity and any public employee, while acting in the scope of duty, are granted immunity from liability for any tort except as waived by . . . sections 41-4-5 through 41-4-12 NMSA 1978." N.M. Stat. § 41-4-4 (1978). Because the Court finds that Defendant did not act within the scope of his duties, Defendant is not entitled to immunity under the TCA. Defendant's Converted Motion is denied.

  III.  Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves this Court to rule that Defendant acted "under color of state law" and therefore find that the jurisdictional requisite of a § 1983 suit is satisfied. Neither RMD or Defendant responded to Plaintiff's Motion for Partial Summary Judgment. Local Rule 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). At oral argument, Plaintiff moved the Court to

grant her Motion for Partial Summary Judgment based on the parties' failure to respond. Tenth Circuit case law plainly prohibits this Court from granting summary judgment based solely on the parties failure to respond to Plaintiff's Motion: "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Because Defendant and RMD failed to respond to Plaintiff's Motion, they are precluded from challenging the facts asserted and supported in the summary judgment motion.  *Id.*  Relying on the now uncontested facts in Plaintiff's Motion for Partial Summary Judgment, the Court finds that summary judgment is not appropriate.

The only proper defendants in a § 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or not.  *E.F.W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1305 (10th Cir. 2001).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (Citing *David v. City & County of Denver*, 101 F.3d 1344, 1353 (10th Cir. 1997)).  The plaintiff has the burden of pleading and ultimately establishing "the existence of a real nexus between the defendant's conduct and the defendant's badge of state authority in order to

demonstrate action was taken under color of state law." *Id.* (Internal quotations omitted.)  The defendant's authority may be actual or apparent.  *David*, 101 F.3d at 1353; *Griffin v. State of Md.*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action.") But the existence of a tort committed by a state employee does not warrant attributing all of the employee's actions to the state.  *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995).

      Plaintiff argues that because Defendant admitted to performing authorized duties of a magistrate judge on the night in question–explaining the court procedures–he was acting under the color of law.  Specifically, "she would not have paid any attention to a man more than 20 years her senior in the bar that night.  It is extremely unlikely that, had he approached her that evening without his mantle of judicial authority, he would have gotten any further than "hello."  (Memorandum in Support of Motion for Partial Summary Judgment on the Issue of Acting Under Color of Law, Dkt. No. 78, at 6.) Here, the Court finds that the facts alleged do not establish the nexus between Defendant's conduct and Defendant's badge of authority to satisfy the standard for summary judgment.  Unquestionably, Defendant answered questions about magistrate court posed by Plaintiff.  But the record does not establish as a matter of law that Defendant acted under color of law to commit the acts alleged.  Further, the Court found that Defendant's actions fell outside the scope of duty.  In that issue, as here, the record

fails to demonstrate a "real nexus" between Defendant's actions and his badge of authority.  Plaintiff's Motion for Partial Summary Judgment must be denied.

## Conclusion

The Court finds that Defendant acted outside the scope of duty and therefore GRANTS RMD's Motion for Summary Judgment.  Accordingly, Defendant's Converted Motion must fail.  Finally, Plaintiff's Motion for Partial Summary Judgement is denied.

IT IS SO ORDERED.

DATED this   11th   day of February, 2008.

*William F. Downes*
UNITED STATES DISTRICT JUDGE